Filed 8/18/15  P. v. Padilla CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C077352 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08011) |
| v. | |
| ROBERT F. PADILLA, | |
| Defendant and Appellant. | |

This case is the proverbial "tempest in a teapot."

Defendant Robert Frank Padilla was convicted of unlawfully taking or driving a vehicle, evading a peace officer, being a felon in possession of a firearm, and first degree residential burglary.  His sole contention on appeal is that the trial court erroneously ordered victim restitution to one of the victims in the amount of $11,352.45, rather than 10,372.45.  He is correct:  the probation officer made a mathematical error.  We shall modify the judgment accordingly.

1

DISCUSSION

Defendant's crimes involved the residential burglary of Scott Canale's home, during which defendant stole Kristi Brockman's purse, and both Canale's and Brockman's keys and vehicles. Defendant was apprehended after a high-speed pursuit, during which he lost control of the vehicle and hit two parked cars and a tree. He was driving Brockman's vehicle at the time.

Only restitution to Brockman is at issue in this appeal.

The probation officer submitted a "Restitution Determination" letter to the trial court dated October 7, 2013. In the letter, the probation officer said " Kristi [Brockman] has now submitted paperwork relating her loss in this matter. Kristi [Brockman] stated the damage to her Chevy Tahoe totaled $9,752.45, for which she was reimbursed by Progressive Insurance, following a $100.00 deductible. Kristi [Brockman] stated the other property (Coach purse and Coach wallet) were gifts to her with a value of $520.00. [¶] It is therefore requested restitution in the amount of $11,352.45 be ordered on behalf of victim Kristi Brockman."

At sentencing, the trial court ordered defendant "make restitution to the victim . . . Kristi B. for $11,352.45. And that is taken from the restitution determination dated October 7, 2013."

Defendant contends the $11,352.45 is in error and the result of a mathematical miscalculation, as Brockman's damages actually add up to $10,372.45, and requests we modify the judgment accordingly. He is correct.

The trial court's error was clearly inadvertent. There was no ambiguity in the amount of Brockman's claimed monetary loss. It does not appear from the record that the court intended to exercise its discretion to award an amount above the documented total, but rather adopted the total that resulted from the probation officer's mathematical

2

miscalculation.  Accordingly, we shall modify the judgment to reflect the intended documented total of $10,372.45.[1]

## DISPOSITION

The judgment is modified to reflect that defendant is to pay victim restitution to Kristi Brockman in the amount of $10,372.45.  As modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment and forward a certified copy thereof to the Department of Corrections and Rehabilitation.

               ROBIE            , J.

We concur:

     BLEASE         , Acting P. J.

     MURRAY        , J.

---

[1]  The People argue defendant forfeited his claim on appeal because, "[w]hether couched as an abuse of discretion or lack of substantial evidence," he failed to object to the amount awarded in the trial court.  Defendant maintains that, if the issue is forfeited, he received ineffective assistance of counsel.  We reach the issue exercising our discretion to resolve forfeited issues on the merits, rather than under the rubric of ineffective assistance of counsel for failure to notice the mathematical error in the probation officer's totals.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)